IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD HUSE and JEFF DUNCAN,

        Plaintiffs,                         CIV. S-04-0227 DFL/JFM

   v.                                    MEMORANDUM OF OPINION
                                            AND ORDER

AUBURN HONDA, JAY COOPER, JIMMY
RAY MULLINS, AMERICAN HONDA MOTOR
CO., and DOES 1-30,

        Defendants.
_____/

    On September 21, 2004, the court granted a motion for summary judgment in favor of defendants Auburn Honda, Jay Cooper, and Jimmy Ray Mullins, finding that the arbitration agreement between plaintiffs and defendants was enforceable.  (9/21/2004 Order at 16.)  Plaintiffs now bring a motion to compel arbitration under 9 U.S.C. § 4.  Plaintiffs' motion is GRANTED.

                            I.

    Following the filing of plaintiffs' complaint in February 2004, defendants filed a motion for summary judgment, which the

1

1  court granted in September 2004.  (9/21/2004 Order at 16.)
2  Shortly thereafter, defendants' request to enter judgment under
3  Fed.R.Civ.P. 54(b) was denied.  (12/20/2004 Order at 3.)
4  However, on December 21, 2004, the court granted defendants'
5  request, made at oral argument, to dismiss plaintiffs' claims
6  against them as stated in plaintiffs' amended complaint.
7  (12/21/2004 Order.)  In February 2005, defendant American Honda
8  Motor Company, Inc. filed a motion for summary judgment.
9  Plaintiffs opposed the motion and filed a separate motion
10 requesting that the court compel all parties to join and proceed
11 to trial.  In plaintiffs' reply to their motion to proceed to
12 trial, they also requested that the court compel arbitration
13 under 9 U.S.C. § 4.  At oral argument, defendants opposed this
14 motion and requested an opportunity for further briefing.
15 Defendants Auburn Honda and Cooper submitted an opposition and a
16 response to plaintiffs' motion to compel, in which defendant
17 Mullins has joined.
18                                II.
19 A.  Waiver of Right to Compel Arbitration
20      Defendants' central argument is that plaintiffs waived their
21 right to compel arbitration.  (Opp'n at 6-12.)  Waiver of the
22 right to compel arbitration is governed by the Federal
23 Arbitration Act ("FAA").  <u>Sovak v. Chugai Pharm. Co.</u>, 280 F.3d
24 1266, 1270 (9th Cir. 2002).  The burden on the party attempting
25 to show waiver is high.  <u>Britton v. Co-op Banking Group</u>, 916 F.2d
26 1405, 1412 (9th Cir. 1990).  The only issue in this case is

whether defendants have shown that plaintiffs' actions -- which have arguably been inconsistent with the right to compel arbitration -- have caused defendants to suffer prejudice. Id.

When looking at alleged prejudice, courts review "the amount of litigation, the time elapsed from the commencement of litigation to the request for arbitration, and the proximity of a trial date when arbitration is sought." Creative Telecomm., Inc. v. Breeden, 120 F.Supp.2d 1225, 1233 (D. Haw. 1999). In this case, a scheduling order has not yet issued, no discovery has taken place, and a trial date has not been set. Nonetheless, defendants assert that plaintiffs unreasonably delayed filing their petition to compel arbitration, causing defendants delay and litigation costs. (Opp'n at 6-12.) The court is not persuaded.

Defendants aver that plaintiffs unreasonably delayed arbitration by challenging the terms of their agreements in court instead of resolving the issue before an arbitrator. (Id. at 8.) Defendants cite California law to support their argument; however, the enforcement of the arbitration agreement is governed by the FAA, and, under that statute, the validity of the arbitration clause may be decided by a court. Circuit City Stores v. Adams, 279 F.3d 889, 892 (9th Cir. 2002). Plaintiffs asserted that the arbitration agreements were unconscionable, an argument available to them in response to defendants' summary judgment motion. Thus, any delay resulting from plaintiffs' decision to ask a court to resolve the issue of enforceability

3

was not unreasonable.

Defendants also argue that plaintiffs were dilatory in waiting a year to bring a motion to compel. (Opp'n at 8.) However, the order disposing of defendants' summary judgment motion was not issued until September 2004. Plaintiffs sent a letter to defendants requesting arbitration immediately following that order, and that request appears to have been ignored by defendants. (Mot. Ex. 3A.) Defendants do not address this correspondence in their opposition brief and instead argue that plaintiffs did not request arbitration until January 2005. (Opp'n at 7.)

However, defendants have not provided the court with any evidence showing they did not receive plaintiffs' September request; therefore, defendants must take partial responsibility for the delay that ensued. Instead of arbitrating with plaintiffs in September, defendants chose to file a motion to enter judgment under Rule 54(b). While plaintiffs could have filed a motion to compel arbitration at any point between October 2004 and now, their failure to do so does not show unreasonable delay -- especially in light of their two informal attempts to commence arbitration. Defendants contributed to any delay by filing their own motions and by apparently stonewalling any efforts by plaintiffs to arbitrate without a separate court order. Therefore, any prejudice from such delay is equally

shared by the parties.[1]

Next, defendants argue that because of plaintiffs' delay in moving to compel, defendants are now at a tactical and financial disadvantage. (Id. at 10.) They assert that witnesses may have moved, and memories have faded. (Id.) However, if this were truly a concern, defendants were free to move to compel arbitration at any point during the past year. Also, the seven-month delay between the summary judgment order and the present hardly seems long enough to lose critical memories and witnesses.

Defendants also argue that they have accrued over $60,000 in attorneys fees and costs to date and that, if they are forced to arbitrate, they will accrue even more cost and expense. However, the litigation costs defendants complain of are due, in part, to defendants' own procedural maneuvering. In addition, while the fees thus far are substantial, defendants have not conducted discovery or incurred any other traditional litigation costs.

Defendants have not shown sufficient prejudice to defeat plaintiffs' motion to compel.

B. Jurisdiction, Dismissal, and Statute of Limitations

In addition to their waiver argument, defendants argue that plaintiffs cannot compel arbitration because: (1) the court lacks jurisdiction to hear a motion to compel at this stage; (2) the

---

[1] Defendants also argue that plaintiffs did not promptly request arbitration, resulting in waiver of their right to compel. (Opp'n at 9-10.) However, whether the arbitration agreement required a "timely" request to arbitrate is a procedural question that the arbitrator must resolve. Retail Delivery Drivers v. Servomation Corp., 717 F.2d 475, 478 (9th Cir. 1983).

1  dismissal of plaintiffs first amended complaint should be
2  construed as having been dismissed with prejudice; and (3)
3  plaintiffs' claims are barred by the applicable statute of
4  limitations.  (Id. at 4-6, 12-13.)

5  　　　The thrust of defendants' first argument is that the court's
6  grant of summary judgment to defendants divested the court of
7  subject matter jurisdiction over the action.  Defendants assert
8  that in order for plaintiffs to file a motion to compel
9  arbitration, they must file in a separate court under a separate
10 case number.  (Id. at 4.)  They cite no support for this
11 proposition, and the court was unable to find any.

12 　　　Quite the contrary, where courts have found claims to be
13 arbitrable, they have also found that they maintain subject
14 matter jurisdiction over the case itself.  For example, the Ninth
15 Circuit found that a district court had jurisdiction to grant a
16 Rule 41(b) motion even after the court previously granted an
17 order to stay litigation pending arbitration.  Morris v. Morgan
18 Stanley & Co., 942 F.2d 648, 655 (9th Cir. 1991); see also
19 Anaconda v. Am. Sugar Refining Co., 322 U.S. 42, 44, 64 S.Ct. 863
20 (1944) (Section 3 of the FAA "obviously envisages action in a
21 court on a cause of action and does not oust the court's
22 jurisdiction of the action..."); Green Tree Fin. Corp.-Ala. v.
23 Randolph, 531 U.S. 79, 86-87, 121 S.Ct. 513 (2000) (following
24 arbitration, court has jurisdiction to confirm, vacate, or modify
25 the resulting arbitration award in a subsequent proceeding); PMB
26 Distributing Co., Inc. v. Huber & Suhner, 863 F.2d 639, 642 (9th

Cir. 1988) (finding that the issuance of a § 4 order to compel did not divest the court of jurisdiction to adjudicate an application for a writ of possession); John Ashe Assocs., Inc. v. Envirogenics Co., 425 F.Supp. 238, 241 n.3 (E.D.Pa. 1977) (stating that arbitration agreements limit scope of court's review, not its subject matter jurisdiction (collecting cases)).

In this case, the court granted defendant's motion for summary judgment, finding that the arbitration agreement between the parties was enforceable. Whether the court stayed the litigation, compelled arbitration, or made a summary judgment ruling, the court maintains jurisdiction over the case. No judgment has been entered. Where, as seems to be the case here, a party is unwilling to arbitrate in the absence of a court order, the court, consistent with the goals of the FAA, must be able "to retain control over the case to the extent necessary to prevent a complete breakdown of the process." Morris, 942 F.2d at 653. Therefore, the court has jurisdiction to hear plaintiffs' motion.

Defendants also assert that the dismissal of plaintiffs' first amended complaint should be deemed with prejudice so as to foreclose any further action in this case, including a motion to compel. (Opp'n at 5.) They cite Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002), to support their contention. In Stewart, the appellate court had to determine the effect of a district court's order of dismissal where the district court was silent. In this case, the court retains the power both to modify

7

its order under Fed.R.Civ.P. 60(a) and to determine the effect of its dismissal.  Plaintiffs' claims against defendant were dismissed without prejudice pending arbitration; therefore, plaintiffs' motion to compel arbitration of those claims is properly before the court.

Finally, defendants argue that plaintiffs cannot compel arbitration because the statute of limitations for their statutory claims has run.  (Opp'n at 12.)  The parties do not appear to dispute that plaintiffs' February 2004 complaint was filed within the requisite statute of limitations period.  Instead, defendants argue, without citation to authority, that the dismissal of plaintiffs' complaint prohibits any tolling of the statute of limitations period, such that plaintiffs' April 2005 motion to compel is a separate untimely filing.

But the motion to compel is not a separate filing of a new case.  The original case is still here because judgment has yet to enter.  Further, even if the court found that the statute of limitations for plaintiffs' motion had passed, equitable tolling would apply. See Lantzy v. Centex Homes, 31 Cal.4th 363, 370, 2 Cal.Rptr.3d 655 (2003) (equitable tolling "suspend[s] or extend[s] a statute of limitations as necessary to ensure fundamental practicality and fairness"); Williams-Scaife v. Dep't of Def. Dependent Schools, 925 F.2d 346, 346 (9th Cir. 1991) (a district court may toll the statute of limitations requirements for federal claims "for equitable reasons in appropriate cases.").  Defendants will not suffer surprise, as they were

8

1 timely notified of the nature of these claims and could have
2 arbitrated them as early as October 2004.

### III.

Procedural maneuvering by both counsel is defeating the fair and efficient resolution of these actions. Counsel are urged to knock it off and get these cases to arbitration. For the reasons discussed above, plaintiffs' motion to compel arbitration is GRANTED.[2]

IT IS SO ORDERED.

Dated: __6/10/2005

_____
DAVID F. LEVI
United States District Judge

---

[2] The Huse and Duncan arbitrations shall not be consolidated, unless the parties otherwise agree.